# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN M. TURNER, Guardianship of Maranda Perry, Incapacitated,<br><br>    Plaintiff,<br><br>v.<br><br>JORDAN HOSPITAL, aka BETH ISRAEL DEACONESS HOSPITAL, et al.,<br><br>    Defendants. | Civil Action No. 16-10490-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                           **April 5, 2016**

**I.    Introduction**

Joan M. Turner ("Turner") brings this action as the guardian of her adult daughter, Maranda Perry ("Perry"). Turner alleges that the defendants, Jordan Hospital (now known as Beth Israel Deaconess Hospital–Plymouth) and MetroWest Medical Center, provided inadequate medical care to Perry, resulting in her permanent incapacitation. For the reasons set forth below, this action is dismissed without prejudice for lack of subject matter jurisdiction.

**II.   Background**

According to complaint, D. 1, Perry was treated in February and March 2013 at Jordan Hospital for high blood sugar levels, high blood pressure, and renal issues. Turner represents that Perry was over medicated. Perry was subsequently transported to MetroWest Medical Center, where she went into cardiac arrest. Although Perry survived, she is in an incapacitated state. Turner claims that Perry's condition is due to the misconduct of both of the defendants.

Although Turner does not explicitly identify her cause of action, it appears that she is bringing a claim for medical malpractice. The plaintiff invokes 28 U.S.C. § 1332 as the basis of this Court's jurisdiction.

**III.     Discussion**

A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)). "The existence of subject-matter jurisdiction 'is never presumed.'" Fafel, 399 F.3d at 410 (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)). Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established." Id. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332"). Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be of complete diversity of citizenship. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Complete diversity of citizenship does not exist where any defendant and any plaintiff are citizens of the same state. See id. "For purposes of diversity, a person is a citizen of the state in which he is domiciled." Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008). A corporation is deemed to be a citizen of every state in which is has been incorporated and the state in which it has its principal place of business. See 28 U.S.C. § 1332(c).

Here, the Court cannot discern a basis for the exercise of subject matter jurisdiction over Turner's claims. Although the plaintiff invokes the Court's jurisdiction under § 1332, her claim does not meet the diversity of citizenship requirement of this statute. Turner represents that she and her incapacitated daughter reside in Massachusetts. She provides addresses in Plymouth, Massachusetts and Framingham, Massachusetts for the two defendants and she does not allege that either business was incorporated outside of Massachusetts and has its principal place of business

outside of Massachusetts. Without diversity of citizenship between the plaintiff and the defendants, and in the absence of any federal claim, the Court lacks subject matter jurisdiction over this action.

The Court's finding of lack of subject matter jurisdiction over this action is not a ruling on the merits of the medical malpractice claim. Turner may seek to bring this action in the appropriate state court. See M.G.L. ch. 260, § 32 (providing that where timely filed-action that is dismissed "for any matter of form," plaintiff may bring a new action for the same claim within one year); see also Rodi v. Southern New England School of Law, 389 F.3d 5, 18 (1st Cir. 2004) (stating that the Massachusetts savings statute applies to actions originally filed in federal court and dismissed for reasons not affecting the merits of the case).

## IV.   Conclusion

For the aforementioned reasons, this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The motion for leave to proceed *in forma pauperis* shall be terminated as moot.

**So ordered.**

 /s/ Denise J. Casper
United States District Judge